# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

United States of America,

Case No. 20-mj-0687 (WMW/LIB)

Plaintiff,

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

v.

Robert Dale LaTourell, Jr. (1); Melinda May LaTourell (2); and Melissa Ann LaTourell (3),

Defendants.

---

This matter is before the Court on the March 31, 2021 Report and Recommendation (R&R) of United States Magistrate Judge Leo I. Brisbois. (Dkt. 63.) The R&R recommends denying the motions to dismiss filed by Defendants Robert Dale LaTourell, Jr., Melinda May LaTourell, and Melissa Ann LaTourell.[1] (Dkts. 37, 39, 46.) The R&R also recommends denying Robert Dale LaTourell, Jr.'s motion to suppress. (Dkt. 38.) Defendants filed timely objections to the R&R, and Plaintiff United States of America responded. For the reasons addressed below, Defendants' objections are overruled, the March 31, 2021 R&R is adopted, and Defendants' motions are denied.

---

[1] In a December 29, 2020 letter, Melinda May LaTourell advised the magistrate judge that she wished to join all motions filed regarding Robert Dale LaTourell, Jr. However, as the R&R observes, Melinda May LaTourell subsequently clarified that she did *not* join Robert Dale LaTourell, Jr.'s motion to suppress.

# BACKGROUND[2]

The United States charged Defendants by misdemeanor information on September 10, 2020, with one count of conspiracy to violate the Lacey Act, in violation of 16 U.S.C. §§ 3372(a)(2)(A) and 3373(d)(2) and 18 U.S.C. §§ 2 and 371. The information alleges that Defendants conspired to knowingly import, transport, sell, receive, acquire, and purchase wildlife, specifically ciscoes[3] in Canadian waters utilizing seine nets and other fishing methods that violate Canadian law.[4]

Defendants move to dismiss the information, arguing that it fails to state a cognizable offense. In addition, Robert Dale LaTourell, Jr., moves to suppress evidence found in documents seized from his briefcase during questioning by investigators. Robert Dale LaTourell, Jr., contends that his consent to the search of his briefcase was not voluntary because he merely acquiesced to a claim of lawful authority.

In the pending R&R, the magistrate judge rejects Defendants' arguments and recommends denying Defendants' motions. In particular, the R&R determines that the information states a cognizable offense, the documents were lawfully seized from Robert

---

[2]    The facts of this case are set forth in detail in the R&R.

[3]    Ciscoes are a popular baitfish sold to ice anglers.

[4]    Defendants continue to present arguments regarding the location of the border between the United States and Canada to argue that they were engaged in "innocent" conduct. Typically, the Court's assessment as to whether an indictment or information sufficiently states an offense is limited to the four corners of the indictment or information in question. *United States v. Hughson*, 488 F. Supp. 2d 835, 841 (8th Cir. 2007).

Dale LaTourell, Jr., and that the seizure of those documents did not contravene his rights under the Fourth Amendment to the United States Constitution.

## ANALYSIS

This Court reviews *de novo* those aspects of the R&R to which Defendants object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3); LR 72.2(b)(3); *accord Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam). Defendants object to the R&R's recommendation to deny their motions to dismiss and Robert Dale LaTourell, Jr.'s motion to suppress. The Court addresses each objection in turn.

### I.     Motions to Dismiss the Information

Defendants object to the R&R's recommendation to deny their respective motions to dismiss the information.

The sufficiency of an indictment or information may be challenged for "failure to state an offense." Fed. R. Crim. P. 12(b)(3)(B)(v). An information is legally sufficient if it contains the elements of the offense, informs the defendant of the charges, and enables the defendant to plead an acquittal or conviction as a bar to any future prosecution for the same offense. *United States v. Gilkerson*, 556 F.3d 854, 856 (8th Cir. 2009) (citing *Hamling v. United States*, 418 U.S. 87, 117 (1974)). *Cf. United States v. Flute*, 929 F.3d 584, 587 (8th Cir. 2019) ("An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which [the defendant] must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to subsequent prosecution." (internal

quotation marks omitted)).  An indictment or information that sets forth the offense using the words of the statute ordinarily is sufficient "as long as the elements of the offense are delineated and the general statement is accompanied by the specific facts constituting the offense." *United States v. Huggans*, 650 F.3d 1210, 1218 (8th Cir. 2011) (internal quotation marks omitted); *see also* Fed. R. Crim. P. 7(c)(1) ("The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . .").  An indictment or information need not use the precise words of the statute as long as the indictment alleges an offense "by fair implication" when considered along with a citation to the applicable statute and the other allegations in the charging document as a whole.  *United States v. Villarreal*, 707 F.3d 942, 957 (8th Cir. 2013) (internal quotation marks omitted).

Here, Defendants argue that, because the charge set forth in the information constitutes a "legal impossibility," the information should be dismissed for failure to state a cognizable offense.  Specifically, Defendants contend that they are being charged with conspiring to commit a negligent or unintentional act.  And, according to Defendants, the magistrate judge erred by failing to address this issue, which was left unresolved by *United States v. Feola*, 420 U.S. 671 (1975).

In *Feola*, the Supreme Court of the United States observed that a cognizable conspiracy offense requires the United States to "prove at least the degree of criminal intent necessary for the substantive offense itself."  420 U.S. at 686, 692 ("We hold here only that where a substantive offense embodies only a requirement of *mens rea* as to each of its

elements, the general federal conspiracy statute requires no more."). The Supreme Court expressly declined to resolve "whether it is fair to punish parties to an agreement to engage intentionally in apparently innocent conduct where the unintended result of engaging in that conduct is the violation of a criminal statute." *Id.* at 691.

A substantive misdemeanor violation under the Lacey Act requires proof that a defendant knowingly imported, exported, transported, sold, received, acquired, or purchased in interstate or foreign commerce, any fish, wildlife, or plant that, in the exercise of due care, the defendant should have known was unlawfully taken, possessed, transported, or sold. 16 U.S.C. §§ 3372(a)(2)(A) and 3373(d)(2). As the magistrate judge observed, to the extent that the Defendants argue that the information should be dismissed because the Defendants were engaged in "apparently innocent conduct," a decision as to this issue is premature on a motion to dismiss for facial insufficiency. *See, e.g.*, *United States v. Mitlof*, 165 F. Supp. 2d 558, 567 (S.D.N.Y. 2001) (concluding that a decision as to whether the defendant's conduct was "apparently innocent" is "more properly made in the context of a motion for a judgment of acquittal at the close of the Government's case" pursuant to Rule 29, Fed. R. Crim. P.). To the extent that the issue left unresolved by *Feola* is at issue here, the magistrate judge properly declined to resolve this issue at this stage in the proceedings because to do so would be premature. Accordingly, Defendants' objection on this basis is overruled.

Defendants also argue that the magistrate judge erroneously relied on *United States v. Sdoulam*, 398 F.3d 981 (8th Cir. 2005). In *Sdoulam*, the defendant argued that his motion

to dismiss a count of the indictment should have been granted because the indictment charged him with a legal impossibility: conspiring to commit a negligent act. 398 F.3d at 987. The United States Court of Appeals for the Eighth Circuit agreed that a person cannot conspire to commit a negligent or unintentional act. *Id.* But the *Sdoulam* Court held that the indictment charged the defendant with conspiring to commit an *intentional* act— namely, knowingly or intentionally possessing or distributing a listed chemical while knowing, or having reasonable cause to believe, that the listed chemical will be used to manufacture a controlled substance. *Id.* (citing 21 U.S.C. 841(c)(2)). And the Eighth Circuit rejected the defendant's argument that the statutory language "having reasonable cause to believe" criminalizes a negligent act.

Defendants argue that the statutory language at issue in the Lacey Act is essentially a negligence standard because it imposes criminal liability when a person "in the exercise of due care should [have] know[n] that the fish or wildlife or plants were taken, possessed, transported, or sold" in an unlawful manner. 16 U.S.C. § 3373(d)(2). As such, Defendants maintain, this language in the Lacey Act is different from the statutory language in *Sdoulam*, which used the phrase "having reasonable cause to believe." 398 F.3d at 987 (citing 21 U.S.C. 841(c)(2)). But Defendants do not persuasively explain why or how the language is *materially* different such that the reasoning in *Sdoulam* is inapplicable. Indeed, the "should have known" language in the Lacey Act is materially indistinguishable from the "having reasonable cause to believe" language in the statute at issue in *Sdoulam*.

Therefore, *Sdoulam* is applicable here, and Defendants' objection to the magistrate judge's application of *Sdoulam* is overruled.[5]

In summary, Defendants' objections to the R&R are overruled, and Defendants' motions to dismiss are denied.

## II.  Motion to Suppress

Robert Dale LaTourell, Jr., also objects to the R&R's recommendation to deny his motion to suppress.

The Fourth Amendment guarantees the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures," and allows a law enforcement officer to obtain a warrant only "upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."  U.S. Const. amend. IV.  As the Fourth Amendment contains no enforcement provision, the Supreme Court of the United States has created an exclusionary rule that, when applicable, precludes the use at trial of improperly obtained evidence. *Herring v. United States*, 555 U.S. 135, 139 (2009) (citing *Weeks v. United States*, 232 U.S. 383, 398 (1914)).  Evidence obtained during a search or seizure conducted in violation

---

[5]     Defendants also argue that the magistrate judge's reliance on *United States v. Thomas*, 887 F.2d 1341 (9th Cir. 1989), cannot withstand scrutiny and "the foundation of the government's argument crumbles as a result."  But even assuming that *Thomas* was "wrongly decided," as Defendants argue, the magistrate judge's analysis and conclusion are consistent with the Eighth Circuit's decision in *Sdoulam* for the reasons addressed above.

of the Fourth Amendment must be suppressed. *Segura v. United States*, 468 U.S. 796, 804 (1984).

Robert Dale LaTourell, Jr., presents argument pertaining to his motion to suppress evidence. But his objections do not identify any error of law or fact in the magistrate judge's legal analysis.[6] For this reason, the magistrate judge's analysis is reviewed for clear error. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59; *United States v. Newton*, 259 F.3d 964, 966 (8th Cir. 2001); *accord Grinder*, 73 F.3d at 795. Because the Court finds no clear error in the R&R's analysis addressing Robert Dale LaTourell, Jr.'s motion to suppress, his objections to the R&R on this basis, if any, are overruled.

### III.    Clear-Error Review

Finally, because Defendants do not specifically object to any other aspect of the R&R, the Court reviews the remainder of the R&R for clear error. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59; *Newton*, 259 F.3d at 966; *accord Grinder*, 73 F.3d at 795. Having carefully performed this review, the Court finds no clear error and adopts the R&R.

### ORDER

Based on the R&R, the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

---

[6]    Indeed, Robert Dale LaTourell, Jr.'s "objections" pertaining to his motion to suppress appear to be a verbatim recitation of the arguments that he presented to the magistrate judge.

1.      Defendants' objections to the March 31, 2021 R&R, (Dkt. 64), are **OVERRULED**.

2.      The March 31, 2021 R&R, (Dkt. 63), is **ADOPTED**.

3.      Defendant Robert Dale LaTourell, Jr. and Melinda May LaTourell's motions to dismiss, (Dkts. 37, 39), are **DENIED**.

4.      Defendant Robert Dale LaTourell, Jr.'s motion to suppress, (Dkt. 38), is **DENIED**.

5.      Defendant Melissa Ann LaTourell's motion to dismiss the information, (Dkt. 46), is **DENIED**.


Dated:  May 28, 2021                                  s/Wilhelmina M. Wright
                                                      Wilhelmina M. Wright
                                                      United States District Judge